ALLACCESS LAW GROUP
Irene Karbelashvili, State Bar Number 232223
irene@allaccesslawgroup.com
Irakli Karbelashvili, State Bar Number 302971
irakli@allaccesslawgroup.com
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone:	(408) 295-0137
Facsimile:	(408) 295-0142

Attorneys for EVGENIA PEKELNY, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| EVGENIA PEKELNY,<br><br>　　　　　Plaintiff,<br><br>EDEN MEDICAL CENTER, a business organization, form unknown, with campuses located in Castro Valley and San Leandro, California, is an affiliate of SUTTER HEALTH, a California non-profit public benefit corporation; and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No. 4:19-cv-05617-KAW<br><br>***Civil Rights***<br><br>**THIRD AMENDED COMPLAINT FOR INJUNCTIVE RELIEF & DAMAGES: FOR DISABILITY DISCRIMINATION IN VIOLATION OF TITLE III OF THE ADA; THE CALIFORNIA UNRUH CIVIL RIGHTS ACT; THE CALIFORNIA DISABLED PERSONS ACT; AND THE CALIFORNIA BUSINESS AND PROFESSIONS CODE**<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFF'S THIRD AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

# INTRODUCTION

This civil rights action alleges that EDEN MEDICAL CENTER, a business organization, form unknown, ("Eden") with campuses located in Castro Valley and San Leandro, California, is an affiliate of SUTTER HEALTH, a California non-profit public benefit corporation's ("Sutter") (hereinafter collectively, "Defendants") have failed and continue to fail to provide accessible medical equipment and to implement non-discriminatory policies and procedures. In so doing, Defendants turn away patients with disabilities, including patients with increased Body Mass Index ("BMI"); put the safety of their patients with disabilities at risk; and provide them with lower quality health care in comparison to non-disabled patients. Persons with disabilities, including those with increased BMI, are entitled to full and equal access to Defendants' health care services under the Americans with Disabilities Act ("ADA"), and related supplemental California statutes.

The ADA requires health care providers to provide individuals with disabilities full and equal access to their health care services and facilities. Standards for Accessible Medical Diagnostic Equipment ("the MDE Standards") became effective on February 8, 2017. It established minimum technical criteria that will allow patients with disabilities independent entry to, use of, and exit from medical diagnostic equipment to the maximum extent possible. Such equipment is often height-adjustable and/or has padded, adjustable restraints and bars, and can include examination beds, stretchers, and tables; procedure and examination chairs; weight scales; radiology, MRI and mammography equipment. Inaccessible equipment can create safety risks, and if only inaccessible equipment is offered, patients cannot receive a medical evaluation as thorough as those given to patients without disabilities. Inaccessible equipment can also result in denial of treatment when providers do not perform diagnostic procedures due to the lack of appropriate equipment, as was the case here.

Plaintiff EVGENIA PEKELNY (hereinafter "Plaintiff" or "Ms. Pekelny") lives with various disabilities. When she sought an MRI at Defendants' facilities, she was turned away, because the existing equipment could not accommodate her body size.

By failing to make its programs and services accessible to patients with disabilities,

PLAINTIFF'S THIRD AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Defendants perpetuate a two-tiered discriminatory system of health care, whereby people with disabilities are denied care, or receive substandard and inferior medical treatment which jeopardizes their health and well-being.

Defendants' ongoing practice of systemic discrimination denies Plaintiff her rights under federal and state statutes, including the "full and equal enjoyment" guarantee of Title III of the ADA; Defendants' obligations under the California Unruh Civil Rights Act ("Unruh Act") and the California Disabled Persons Act ("DPA").

## PARTIES

1. Ms. Pekelny suffers from various physical and medical conditions such as thoracic outlet syndrome, delayed sleep phase disorder, foot pain, asthma, macular degeneration and morbid obesity with BMI above 40 that causes shortness of breath as extra weight in her chest and abdomen increases the amount of work that muscles that control breathing must do. Plaintiff 's morbid obesity substantially limits her ability to breath which is a "major life activity" as defined by 42 U.S.C § 12102(2).

2. Accordingly, at all times relevant herein she has been a qualified individual with a disability within the meaning of all applicable statutes. At all relevant times Plaintiff was, and currently is, a resident of Oakland, California. Plaintiff is neither mobility impaired nor does she have a sensory disability. Accordingly, Plaintiff is not part of the class in *Olson et al. v. Sutter Health, et al.,* Case No. RG06-302354, and is not subject to the consent decree in that action.

3. Defendants EDEN MEDICAL CENTER, a business organization, form unknown, an affiliate of SUTTER HEALTH, located at 20103 Lake Chabot Rd, Castro Valley, CA 94546; and SUTTER HEALTH, a California non-profit public benefit corporation and DOES 1-10, have provided medical breast imaging services and other medical services since 1984. Upon information and belief, Both Defendants are recipients of federal financial assistance.

4. Plaintiff is informed and believes that that named Defendants, including Does 1 through 10, inclusive, conspired to commit the acts described herein, or alternatively, aided and abetted one another in performance of the wrongful acts hereinafter alleged.

5. Plaintiff does not know the true names of all Defendants, their business capacities, their

ownership connection to the business, nor their relative responsibilities causing the violations herein complained of and alleges a joint venture and common enterprise by all such Defendants.

6. Plaintiff is informed and believes that each of Defendants herein, including DOES 1 through 10, inclusive, is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, joint venturer, alter-ego, partner and associate, or such similar capacity of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the scope of his, her, or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, joint venturer, alter-ego, partner and associate, or such similar capacity, and with the authorization, consent, permission, or ratification of each of the other Defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each of the Defendants, as herein described.

7. Plaintiff may seek leave to amend when the true names capacities, connections, and responsibilities of Defendants are ascertained, if the same becomes necessary.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to 28 U.S.C. §1331 for violations of the ADA, 42 U.S.C. 12101 *et seq.* Pursuant to supplemental jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including but not limited to violations of the Unruh Act, Cal. Civ. Code § 51 *et seq.,* and the Disabled Persons Act, Cal. Civ. Code § 54 *et seq.*

9. Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the fact that Plaintiff's causes of action arose in this district and Defendants reside in this district.

## INTRADISTRICT ASSIGNMENT

10. This case should be assigned to the San Francisco/Oakland intradistrict since Plaintiff's causes of action arose in the Alameda County.

## FACTUAL ALLEGATIONS

11. Plaintiff was diagnosed with breast cancer on February 20, 2018. On March 26, 2018, Ms. Pekelny's surgeon referred her to Eden for breast magnetic resonance imaging ("MRI")

Page 4 of 14
PLAINTIFF'S THIRD AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

examination. The MRI was to identify cancer lesions and other suspicious areas undetectable on a mammogram or ultrasound of the breasts. The test had been ordered for Plaintiff as a patient with newly diagnosed breast cancer prior to surgery in order to determine the best approach to surgery. The findings may also impact the treatment plan both before and after surgery.

12. Plaintiff scheduled an appointment at Eden for April 19, 2018. On April 19, 2018, Plaintiff came to the imaging center in accordance with all instructions in preparation for the MRI. Before starting the MRI, the technician advised Ms. Pekelny that the breast MRI was an uncomfortable test and while some people are able to get through it others cannot. It then turned out that the machine was too small for Plaintiff to fit in. The MRI breast test requires the patient to lay inside the MRI machine and be raised up. When the technician slid Plaintiff into the MRI for a practice run, the fit was so tight that the walls of the MRI tube literally prevented Plaintiff from taking a full breath. Even outside the MRI machine Plaintiff suffers from chronic dyspnea because the excess weight against her chest makes it harder for her to draw in a deep breath. This MRI machine was so small that with each breath Ms. Pekelny felt as if the walls of the MRI machine were crushing her rib cage, allowing her to draw in only a shallow breath, and causing her dyspnea to become even worse. It became clear that there would be no way that Ms. Pekelny could handle up to 30 minutes inside of the MRI machine. Accordingly, Ms. Pekelny asked the technician to stop the MRI exam.

13. After Ms. Pekelny was taken off the machine, the technician explained to Ms. Pekelny that she needed to find a facility equipped with a 1.5 Tesla MRI model because Eden only had the Model Tesla 3 which is too small for Plaintiff to fit in.

14. Subsequent research undertaken by Ms. Pekelny revealed that since 2012 the American Roentgen Ray Society has advised against using the 1.5 Tesla model for a pre-surgery breast MRI exam that the Eden technician recommended. Plaintiff wrote to her surgeon asking for a referral somewhere else. The surgeon then referred her to Magnetic Imaging Affiliates at 5730 Telegraph Ave, Oakland, CA 94609, and also told Plaintiff they usually send their patients there "and we've never had any problems." When Plaintiff contacted Magnetic Imaging, there was further confusion about the type of MRI machine they had. The people at Magnetic Imaging said

PLAINTIFF'S THIRD AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

that while they had a Tesla 1.5 Model, the size of the Tesla 1.5 Model was the same as the Tesla 3 Model at Eden. Thus, Plaintiff still would not fit.

15. Plaintiff was then left on her own to try to track down a facility in the Bay Area that would accommodate her disability. This was all a very confusing and outrageous experience. At one point, one of the facilities that Plaintiff called asked her to notify them if she ever found an MRI large enough to fit her.

16. Equally ridiculous was the fact that all the facilities provided Plaintiff with partial information about their machines. Some of the facilities did not know the model of the machine at all. Some facilities knew the model but not the dimensions, while other facilities gave one dimension, such as the bore size of the MRI opening, but not the width of the bench. Other facilities knew the width of the bench only, but not the bore size. This made it really difficult for Plaintiff to compare the different machines and make an informed decision about which one would fit her. Plaintiff wound up calling a lot of different facilities in order to try to get more complete information about the dimensions of their machines.

17. On April 30, 2018, Plaintiff called back the imaging department at Eden to try to find out the full dimensions of their MRI so that she could compare them to another facility she had found. Plaintiff spoke with a friendly woman at reception who was also clueless. At a certain point, Plaintiff told this woman how frustrating it was that none of the doctors or technicians or staff at Bay Area facilities had given any thought to how to accommodate larger patients and the patients were given no help in figuring out how to get an MRI machine that would fit them. Plaintiff asked, "What are we supposed to do?" The woman made some sympathetic noises and agreed that it was a difficult situation. This woman then said: "I know this sounds kind of crazy, but some larger patients go to the Oakland Zoo for their MRI."

18. Plaintiff was shocked and outraged by this statement. Is she supposed to get in line with the antelopes and rhinos? When Plaintiff got off the phone with the reception clerk, Plaintiff did call the zoo just to be sure she was not missing an opportunity and left a message with the zoo veterinarian; they never returned her call. For the record, Plaintiff later learned that the Oakland zoo does not have its own MRI machine. Rather, the Oakland zoo sends their patients to

PLAINTIFF'S THIRD AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

veterinary clinics at other facilities. So, the clerk's suggestion was not only insulting and discriminatory but also inaccurate.

19. Finally, after long hours of research that proved to be in vain, Plaintiff's surgeon suggested to skip the MRI altogether despite it being a medical necessity.

20. Plaintiff eventually got her MRI examination on May 14, 2018 at John Muir Health Medical Imaging, located at 133 La Casa Via Walnut Creek, CA 94598. Plaintiff went to John Muir Health Imaging in advance of her appointing in order to check the size of the MRI machine.

21. The aforementioned process was time consuming and took additional 25 days; including 14 days which were spent on searching for appropriate equipment. This 39 day delay greatly endangered Ms. Pekelny's life because the untreated cancer continued spreading through Ms. Pekelny's body diminishing her chance of full recovery.

22. Defendants' discrimination hindered Ms. Pekelny's ability to obtain safe, quality medical care because of her disability. Ms. Pekelny had a right to make an appointment and to receive care at Eden at the same high diagnostic and professional standards as received by non-disabled patients at Eden. Instead, because of her disability, Ms. Pekelny had to make numerous fruitless calls before she found a facility with an MRI machine that was able to accommodate her body size.

23. Defendants' discrimination caused Ms. Pekelny great emotional distress at a time when she was already concerned that her health was in peril. The Americans with Disabilities Act had been in force for over a quarter of a century at the time Ms. Pekelny attempted to receive medical care at Eden, but Eden acted as if the protections of the ADA did not and do not exist.

24. Plaintiff alleges that: (1) Defendants have violated and continue to violate basic equal access requirements under the ADA, and supplemental state law by failing to implement policies and procedures that would prevent discrimination against disabled people, including people with increase BMI such as Plaintiff; (2) Defendants have engaged in a systemic policy and practice of discriminating against persons with the increased BMI in violation of the ADA, the CDPA, and the Unruh Act because they have failed and continue to refuse to provide full and equal access to

PLAINTIFF'S THIRD AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

life-saving medical equipment; and (3) Defendants have failed to properly train their agents and/or employees, including technicians and receptionists.

25. As a result of the aforementioned acts and omissions by Defendants, Plaintiff not only suffered difficulties, discomfort, and embarrassment she also left feeling demoralized, discouraged, obstructed, and disqualified because of her disabilities.

26. Ms. Pekelny would seek future medical care at Defendants' facilities if they provided accommodations for her disability, including accessible medical equipment.

27. Ms. Pekely will seek to supplement this Complaint at the time of trial as to subsequent events, according to proof.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION FOR DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

**(Against all Defendants and each of them)**

28. Plaintiff incorporates and re-alleges Paragraphs 1 through 27 of this Complaint.

29. Title III of the Americans with Disabilities Act prohibits discrimination against people with disabilities "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

30. Plaintiff is an individual with a disability within the meaning of the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36. Plaintiff has an impairment that substantially limits major life activities.

31. Defendants' facilities are professional offices of health care providers and are therefore places of public accommodation within the meaning of the ADA. 42 U.S.C. § 12181(7)(F).

32. Defendants collectively are the owners, operators, lessors, and/or lessees of the "medical diagnostic equipment" described in the Section 510 of the Rehabilitation Act as equipment (1) used by health care professionals (2) in medical settings, such as physician's offices, clinics, emergency rooms, and hospitals, (3) for diagnostic purposes.

33. Defendants collectively are the owners, operators, lessors, and/or lessees of medical

PLAINTIFF'S THIRD AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

facilities and services provided in their names and are therefore places of public accommodation within the meaning of the ADA. 28 C.F.R. § 36.104 ("Public accommodation means a private entity that owns, leases (or leases to), or operates a place of public accommodation.").

34. Defendants having discriminated against Plaintiff by denying her the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of the facilities owned, operated, or contracted for usage by Defendants. 42 U.S.C. § 12182(b)(1)(A)(i).

35. Defendants have discriminated against Plaintiff by denying her the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of the facilities owned, operated, or contracted for usage by Defendants in a manner that is not equal to that afforded to other individuals. 42 U.S.C. § 12182(b)(1)(A)(ii).

36. Defendants have discriminated and continue to discriminate against Plaintiff by failing to modify their policies, procedures, and practices in a reasonable manner, when such modifications are necessary to ensure equal access for individuals with physical disabilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

37. Defendants' conduct constitutes ongoing and continuous violations of the ADA. Unless Defendants are restrained from doing so, they will continue to violate the law. Through their conduct, Defendants have caused and will continue to cause Plaintiff immediate and irreparable injury.

38. Therefore Plaintiff is entitled to injunctive relief. 42 U.S.C. § 12188.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION FOR DISCRIMINATION IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ. (CALIFORNIA DISABLED PERSONS ACT)

**(Against all Defendants and each of them)**

39. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, Paragraphs 1 through 38 of this Complaint.

40. Through the acts and omissions described hereinabove, Defendants are violating

Page 9 of 14
PLAINTIFF'S THIRD AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

California Civil Code § 54(a).

41. Under California Civil Code § 54 (c), a violation of the ADA also constitutes a violation of California Civil Code Section 54 *et seq.*

42. Plaintiff is a person with disabilities within the meaning of the California Civil Code § 54(b)(1) and California Government Code § 12926 and Defendants provide services to the public within the meaning of the California Civil Code § 54(a)(1).

43. By failing to provide accommodations and services to physically disabled patrons, as set forth at length elsewhere in this Complaint, Defendants violated, and continue to violate California Civil Code § 54, by denying customers full access to Defendants' services and activities; and by intentionally prohibiting Plaintiff from utilizing Defendants' services on a full and equal basis.

44. As a direct and proximate result of the aforementioned acts and omissions, Plaintiff has suffered, and continues to suffer difficulty, discomfort, and embarrassment, due to Defendants' failures to address accommodations required by Plaintiff.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)

**(Against all Defendants and each of them)**

45. Plaintiff incorporates and re-alleges Paragraphs 1 through 44 of this Complaint.

46. Section 51(b) of the California Civil Code, "The Unruh Civil Rights Act," states the following:
> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

PLAINTIFF'S THIRD AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

47. Defendants own and operate a business establishment and provide medical services to the general public in California, and as such are obligated to comply with the provisions of the California Unruh Civil Rights Act, California Civil Code §§ 51 et seq.

48. Section 52 of the California Civil Code provides that whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51 is liable for each and every offense.

49. Through the acts and omissions described herein, Defendants have violated California Civil Code § 51., *et seq.*

50. Pursuant to California Civil Code § 51(f), a violation of the ADA also constitutes a violation of California Civil Code § 51, *et seq.*

51. Defendants' discriminatory conduct alleged herein includes, inter alia, the violation of the rights of persons with disabilities set forth in Title III of the ADA and therefore also violates the Unruh Act. Cal. Civ. Code § 51(f).

52. Plaintiff alleges that Defendants' conduct was intentional and therefore also an independent violation of the Unruh Act.

53. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered, and continues to suffer difficulty, discomfort, and embarrassment due to Defendants' failure to address modifications in policies, practices and procedures required by Plaintiff.

54. Due to the continuous nature of Defendants' discriminatory conduct, which is ongoing, injunctive relief is an appropriate remedy. Moreover, as a result of Defendants' acts and omissions, Plaintiff is suffering irreparable harm, and thus immediate relief is appropriate. Plaintiff is also entitled to reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200, *ET SEQ.***

**(THE UNFAIR COMPETITION ACT)**

**(Against all Defendants and each of them)**

PLAINTIFF'S THIRD AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

55. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, Paragraphs 1 through 54 of this Complaint.

56. Defendants offer their services for benefit and advertise their business within the jurisdiction of the state of California. As such, Defendants, and each of them, have a duty to comply with the provisions of the Unfair Competition Act set forth in § 17200, *et seq.,* of the Business and Professions Code.

57. The Unfair Competition Act prohibits, inter alia, unlawful, unfair, or fraudulent business acts or practices and unfair, deceptive, untrue, or misleading advertising by any person, firm, corporation, or association within the jurisdiction of the State of California.

58. Defendants have engaged and are engaged in unfair competition, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising in violation of the Unfair Competition Act.

59. Defendants, and each of them, engage in business practices and policies that discriminated against persons with physical disabilities, including Plaintiff, in violation of federal and state statutes.

60. Violation of these statutes also violate an established concept of fairness, are immoral, unethical, oppressive and unscrupulous.

61. Plaintiff seeks relief in the form of such orders as may be necessary to prevent the continuation of Defendants' unfair business practices and policies.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION FOR VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17500, *ET SEQ.***

**(THE FALSE ADVERTISING PRACTICES ACT)**

**(Against all Defendants and each of them)**

62. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, Paragraphs 1 through 61 of this Complaint.

63. Defendants engage in health care practices, offer their services for payment, and advertise their goods and services within the jurisdiction of the state of California. As such, Defendants

have a duty to comply with the provisions of the False Advertising Practices Act set forth in §§ 17500, *et seq.,* of the Business and Professions Code.

64. The False Advertising Practices Act prohibits, inter alia, disseminating, making, or causing to be made, any statement concerning goods and services which is known, or with the exercise of reasonable care should be known, to be untrue or misleading, by any corporation or employee thereof.

65. The previously alleged conduct of Defendants violates the False Advertising Act, including § 17500 of the Business and Professions Code, in that said Defendants have represented that their services are available to all members of the general public, when, in fact, said Defendants deny such services to disabled individuals with physical disabilities, including Plaintiff, by reason of Defendants' failure to comply with their legal obligations under the Unruh Act, the Disabled Persons Act, and the Americans with Disabilities Act.

66. Plaintiff seeks relief in the form of such orders as may be necessary to prevent the continuation of Defendants' unfair business practices and policies.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

***PRAYER***

Plaintiff prays that this Court:

1. Issue a preliminary and permanent injunction directing Defendants to provide full and equal access to persons with physical disabilities at their medical facility including medical equipment; and to train Defendants' owners, managers, employees and agents in how to properly treat disabled patients and accommodate their rights and needs;[1]

2. Retain jurisdiction over Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions as complained of herein no longer occur, and cannot recur;

3. Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages in amounts within the jurisdiction of this Court,

---

[1] Note: Plaintiff is not invoking Civil Code, § 55 and is not seeking injunctive relief under that section

PLAINTIFF'S THIRD AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

all according to proof;

4. Award to Plaintiff all reasonable statutory attorneys' fees, litigation expenses, and costs of this proceeding as provided by law;

5. Award to Plaintiff prejudgment interest pursuant to Civ. Code, § 3291; and

6. Grant such other and further relief as this Court may deem just and proper.

Dated: April 9, 2021  /s/ Irene Karbelashvili
Irene Karbelashvili, Attorney for Plaintiff
EVGENIA PEKELNY

### DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: April 9, 2021  /s/ Irene Karbelashvili
Irene Karbelashvili, Attorney for Plaintiff
EVGENIA PEKELNY

PLAINTIFF'S THIRD AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES